**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5153**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

DOMINICO RAMONE BOULDER,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　Louise W. Flanagan, District Judge. (5:10-cr-00189-FL-1)

Submitted: August 28, 2012　　　Decided: September 6, 2012

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominico Ramone Boulder, who pled guilty without a plea agreement to one count of possession of a firearm by a felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2012), appeals the district court's amended judgment entered after this court vacated his original seventy-month sentence and remanded to the district court for resentencing in accordance with United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Boulder, who was resentenced to a term of fifty-two months, which was fifteen months above the high end of the Guidelines range, contends that the district court imposed an unreasonable sentence by failing to adequately explain the sentence variance. Boulder asserts that the circumstances of the case did not warrant the sentence. Further, Boulder argues that the four-level adjustment for discharging the firearm adequately accounted for the nature of the offense, and that his unscored convictions were too remote to support a variance. Finding no error, we affirm.

This court reviews any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012), petition for cert. filed, No. 11-10786 (U.S. June 5, 2012); see Gall v. United States, 552 U.S. 38, 51

2

(2007).  When the district court imposes a departure or variant sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."  United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).  The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision.  United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Gall, 552 U.S. at 51.  "This deference is due in part because the sentencing judge is in a superior position to find facts and judge their import and the judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."  Diosdado-Star, 630 F.3d at 366 (internal quotation marks, brackets, and citations omitted); see Rita, 551 U.S. at 357–58 (recognizing that the district court "has access to, and greater

3

familiarity with, the individual case and the individual defendant before [the court] than the Commission or the appeals court").

Because the district court identified multiple reasons for its variance, all of which were based on the § 3553(a) factors and related to the particular facts of Boulder's case, the variance is reasonable. See King, 673 F.3d at 284 (concluding that upward variant sentence was reasonable as it was adequately supported by reference to those § 3553(a) factors that "the court determined required the sentence ultimately imposed"); Diosdado-Star, 630 F.3d at 366-67 (holding that an upward variant sentence six years longer than the Guidelines range was substantively reasonable because the district court expressly relied on several of the § 3553(a) factors to support the variance).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4